28 C.C.P.A. (Patents)

## KEELING v. HEID.

Patent Appeal No. 4405.

Court of Customs and Patent Appeals.
March 31, 1941.

Russell N. Low, of Washington, D. C. (Henry Love Clarke and Thomas J. P. O'Brien, both of Baltimore, Md., of counsel), for appellant.

Charles M. Thomas and M. M. Weisman, both of Washington, D. C., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal, in an interference proceeding, from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner of Interferences awarding priority of invention of the subject matter of the single count in issue to appellee.

The interference involves a patent, No. 1,981,144, issued to appellee on November 20, 1934, upon an application, Serial No. 439,584, filed March 28, 1930, and an application of appellant, Serial No. 597,692, filed March 9, 1932. 'Appellant therefore is the junior party and must establish priority of invention by a preponderance of the evidence in order to prevail.

The count is a claim in the patent of appellee and was copied into the application of appellant for the purpose of this interference. The involved invention is made sufficiently clear in the count which reads:

"1. A hydrocarbon oil cracking process which comprises initially distilling the oil and separating resultant vapors from unvaporized oil, thereafter indirectly heating the separated vapors by a substantial degree of radiation and convection and then combining the same with a gaseous heating medium at cracking temperature, and condensing the cracked vapors."

Appellee moved to dissolve the interference on the ground that the disclosure in the application of appellant does not support the count and appellant moved to shift the burden of proof. Both motions were denied by the Primary Examiner.

In his motion to shift the burden of proof, appellant claimed the benefit of the filing date, September 30, 1927, of his application Serial No. 223,054, under the doctrine of successive continuations through his application Serial No. 585,939 filed January 11, 1932, and the involved application, for the alleged reason that the

count herein is for common subject matter continued in the disclosures of all three successively copending applications and not disclaimed in any of them.

The decision of the Primary Examiner on appellant's said motion and the decisions of the Examiner of Interferences and the Board of Appeals will be more readily understood by reference to the drawing of the apparatus in application Serial No. 223,054, reproduced below:

The Primary Examiner, holding that the application Serial No. 223,054 does not support the count, stated in his decision as follows: "The party Keeling urges that the application 223,054 discloses in the tube 36 inside of the outer burner jacket 16, a zone in which indirect heating of the separated vapors will occur by 'a substantial degree of radiation and convection'. Granted that Keeling does disclose on page 3, line 24 of application 223,054 passing vapors to the zone 36 within the inner tube of the heater 16, the count is not considered to read on the disclosure of the application 223,054 as the tube surrounding the zone 36 is not considered to clearly and unequivocally comprise a means for 'indirectly heating the separated vapors by a substantial degree of—convection'. In view of the high temperatures involved in a burner of the type disclosed a substantial degree of radiated heat is considered to be indirectly transmitted through the tube wall even considering the short length of the tube but there is no disclosure con-

cerning convected heat and the Examiner cannot see that the transmission of heat to any other than an insignificant degree by convection is inherent in the disclosure of application 223,054.

He held further that the application Serial No. 585,939 cannot be considered a continuation of Serial No. 223,054 for the reason that it was filed after the expiration of the period during which a second renewal of the said former application could have been filed, citing Barrett v. Hart, 1918 C.D. 62.

Neither party took testimony. Appellant introduced in evidence his said former applications and relied upon them for the same reasons advanced in his motion to shift the burden of proof.

The Examiner of Interferences held that the first application does not contain a disclosure of the subject matter of the count and also that, even assuming it does, the rule established in the case of Barrett v. Hart, supra, is applicable and, accordingly awarded priority of invention to the appellee. The Board of Appeals agreed with the holdings of the Examiner of Interferences and affirmed his decision.

The issue here is whether appellant's application Serial No. 223,054 supports the count and, if it does, whether the ex parte proceedings relative thereto are such as to deprive appellant of the benefit of its filing date.

The count sets out the following successive steps: 1, initially distilling the oil;

2, separating resultant vapors from unvaporized oil; 3, indirectly heating the vapors by a substantial degree of radiation and convection; 4, combining the vapors with hot gases; and 5, condensing the cracked vapors.

█ Appellant does not contend that his earliest application specifically discloses the process of the count. He relies solely upon the contention that the apparatus diagrammatically shown in the application inherently operates to perform the process of the invention. Appellant, therefore, has the burden of proving the alleged inherency.

The Examiner of Interferences pointed out that appellant attempted to meet the lack of clear and positive disclosure in his earliest application "by a series of inferences and assumptions based on the extremely meager description of the heating means shown at 16 and 21," and that, as to appellant's contention that heaters 16 and 21 contemplated "surface combustion," "it is significant * * * that he did not use this term in describing the operation of said elements." In holding that the method of the count would not be inherent in the disclosure claimed by appellant, the Examiner of Interferences further stated: "* * * Indeed if any probative force whatever may be ascribed to the diagrammatic showing of Keeling's 1927 application, it must be held that the inner tubes (not marked) through which the hydrocarbon vapors pass to the mixing chamber of heating elements 16 and 21 are so short that there can be no heating of vapors 'by a *substantial* degree of radiation and convection.' If there were any indirect heating in such structure it was at most incidental, accidental and unappreciated. Only to meet the exigencies of the situation created by the issuance of Heid's patent did Keeling, for the first time, ascribe such importance to something disclosed as a merely incidental feature of the process theretofore claimed in his several applications."

While the Examiner of Interferences held that the lack of disclosure of the subject matter of the count in appellant's earliest application was determinative of the award of priority, he also considered the question of appellant's right to secure benefit from the filing thereof and decided that the doctrine set out in Barrett v. Hart, supra, was applicable.

The Board of Appeals considered both the question of fact and the legal question involved and agreed with the reasoning of the Examiner of Interferences with respect to disclosure, stating as follows:

"Taking up now the question as to whether the party Keeling's application 223,054 discloses the subject matter of the count, that application does not show that the vapors are obtained by distillation and separation. We think it is possible that an oil of the proper nature might have been vaporized without distillation and separation and therefore this step is not necessarily inherent in the party Keeling's earlier disclosure.

"As to whether or not the vapors are indirectly heated by a substantial degree of radiation and convection, it is our opinion that, in the absence of any definite statement in the earlier application that the structure and control were of such a nature that this type of heating would occur, it does not necessarily follow that it would. * * * It is our opinion that the process set forth is not necessarily inherent in the operation of the apparatus of Keeling application 223,054.

█ From a careful review of the record it appears to us that the process steps of "initially distilling the oil," "separating resultant vapors from unvaporized oil," and "indirectly heating the vapors by a substantial degree of radiation and convection," do not necessarily occur in the operation of the device of appellant's earliest application, and therefore have not been shown to be inherent. We certainly cannot agree with counsel's contention as to inherency from a mere examination of the drawing. Appellant never built the apparatus shown in his earliest application and nowhere does it appear in the record that he ever performed the process described therein. Therefore if this contention of appellant's counsel is to be upheld it must be based entirely upon theory. But we find nothing in the record that would justify us in holding that the first device shown by appellant, if it were built and operated, would bear out a theory that it would necessarily perform all the process steps. Accordingly, we would be compelled to indulge in speculation alone and this, of course, would be manifestly absurd. It is well settled law "that one who extracts claims from an issued patent must show a clear prior disclosure."

Brand v. Thomas, 25 C.C.P.A., Patents, 1053, 1057, 96 F.2d 301, 303. That the claimed invention is inherent "may not be established by probabilities or possibilities." Hansgirg v. Kemmer, 26 C.C.P.A., Patents, 937, 940, 102 F.2d 212, 214. See also Parker v. Ballantine, 26 C.C.P.A., Patents, 799, 101 F.2d 220; and In re Ball, 23 C.C.P.A., Patents, 830, 81 F.2d 242.

Because, in our opinion, appellant has not sustained his burden of proof with respect to inherency, we hold that the involved count cannot be met by the application 223,054, and therefore appellant cannot have the benefit of the filing date thereof.

Appellant relies strongly upon Watts v. Praeger, 25 C.C.P.A., Patents, 807, 93 F.2d 904, 908. At one place in his brief he contends it was this court's express holding therein "that substantial *convection* must be inherent where there is substantial *radiation* upon a tube enveloped with burning flowing gases * * *." Appellant further states: "* * * In Watts v. Praeger this court held that a tube bathed in flame inherently involved convection notwithstanding the intense radiation. * * *"

With this interpretation we cannot agree. Without making a detailed analysis of that case, it suffices to say that the question there was whether or not the heating of a certain bank of tubes substantially solely, or preponderantly, by radiation was inherent in Watts' disclosure. We said: "* * * That the ash pit of Watts must, by the laws of physics, have an effect upon the heating of his lower bank of tubes seems inevitable, and *it is not clear* just what this effect may be. Having in mind the shape of the aperture through which he introduces his fuel into the combustion chamber, it seems obvious to us that the flames from such fuel must cover all sides and both the lower and upper ends of his lower bank of tubes. Such being the case, *we are unable to agree that his disclosure is sufficient* to justify the finding that heating that bank of tubes substantially solely, or preponderantly, by radiation rather than by convection is inherent in his structure so as to entitle him to claim the particular invention here at issue. (Italics supplied.)"

It seems obvious to us that Watts v. Praeger supports our conclusion in the instant case insofar as it holds that Watts' disclosure was not sufficiently clear to justify a finding that the claimed invention was inherent.

We have considered the other authorities cited by appellant but consider none of them in point.

The decision of the Board of Appeals is affirmed.

Affirmed.